# In the United States Court of Federal Claims

No. 21-1329C
Filed: July 27, 2021

**PAUL MARK DE LA O, JR.,** *pro se*,

    *Plaintiff*,

v.

**UNITED STATES,**

    *Defendant*.

### MEMORANDUM OPINION AND ORDER

***HERTLING*, Judge**

    The plaintiff, Paul Mark De La O Jr., acting *pro se*, claims that the United States, as well as other non-governmental defendants, is liable to the plaintiff for monetary damages for committing numerous crimes and torts.

    The original complaint, filed on April 30, 2021, was unsigned.[1]  On May 7, 2021, the Court ordered the plaintiff to refile no later than June 4, 2021, his complaint signed pursuant to Rule 11(a) of the Rules of the Court of Federal Claims ("RCFC").  The order, along with other administrative documents, was served on the plaintiff by two separate mailings at the address the plaintiff provided.  Both were returned to the Clerk with the notation "Attempted Not Know Unable to Forward."  Accordingly, on May 26, 2021, the Court dismissed the complaint without prejudice pursuant to RCFC Rule 41(b).

    On July 1, 2021, the plaintiff filed a motion for reconsideration of the Court's dismissal order after another attempt to serve the plaintiff apparently proved successful.  The Court granted the plaintiff's motion that same day and vacated the judgment dismissing the complaint.  As the complaint remained defective, the Court ordered the plaintiff to refile his complaint on or before July 19, 2021.  On July 15, 2021, the plaintiff filed a properly signed complaint.

---

[1] The plaintiff paid the filing fee but also moved for leave to proceed *in forma pauperis*.  Because the plaintiff had paid the filing fee, the Court denied the motion to proceed *in forma pauperis* as moot.

The plaintiff alleges in his complaint that the United States, acting through the Food and Drug Administration ("FDA") and other government agencies, is liable to him for damages because the United States is guilty of:

> accomplice to murder in the 1st degree, accomplices to genocide liability, complicity in genocide, reckless endangerment, false advertisement, inciting suicide, air pollution, public endangerment and/or willfully poisoning America!

(Pl. Compl. at 5, 9, and 21.)[2][3]

These allegations appear to arise from the plaintiff's belief that the government is placing the public in danger by:

> continuously pushing and/ or enforcing vaccines, vaccine houses, and vaccine administration despite knowing the worldwide risks involved as it has been noted globally how the corona virus has mutated, COVID-19 strains are acting resistantly to vaccines, heavy and/or fatal side effects are resulting instead of eradication (blood clots, i.e.) as intended, announced recalls (15 MILLION Johnson & Johnson vaccines recalled) and warnings on multiple vaccines amongst America have been officially (publicly) declared [sic] . . .

(*Id.* (capitalization in original).)

The plaintiff's allegations extend beyond the federal government's handling of the Covid-19 pandemic. The plaintiff further alleges that the United States failed to protect the public from a variety of ills including, but not limited, to: (1) "harmful bacteria [such] as salmonella and/or ideas of infecting oneself with such illness by allowing establishments and products like sushi to exist [sic]"; (2) "illnesses [such] as skin cancer and melanoma"; (3) false advertisement in the form of "national ad campaigns of which are to oppose [sic] the tobacco industry and over the counter medicines [that] have been misleading customers for years"; (4) "the continued installation of growth hormones in animals"; (5) artificial sweeteners with "adverse and/ or harmful effects"; (6) air fresheners that are "harmful" to the environment; and (7) "MSG or monosodium glutamate . . . [which] has been linked to obesity in which instills [sic] illnesses [such] as cardiac arrest, pulmonary issues, and/or death!" (*Id.* at 31-37.)

In addition to his claims against the United States, the plaintiff's complaint seeks monetary damages in the amount of $3 to 4 billion, but "no less than [$]70,300,000.00" from a

---

[2] The complaint is not consecutively paginated; the page numbers referenced here and elsewhere in this Order reflect the pagination generated automatically by the court's electronic docketing system.

[3] At various points in his complaint, the plaintiff repeats his claims verbatim. When applicable, this Order shall reference all pages where the plaintiff's claims are repeated.

variety of non-governmental defendants. *(Id.* at 7.) The non-governmental defendants referenced in the complaint as defendants include:

> Ore Ida, Colgate, Gatorade, all sushi establishments including all product distributors, MIO, Truth.Org, Johnson & Johnson, Phizer, Bayer aspirin, Theraflu, Coca-Cola, Pepsi, Domino's Pizza, McDonald's, Burger King, Wendy's Chips Ahoy . . . , Shur fine's, Febreeze, Air Wick, Glade, all milk; products, companies, and/or establishments with regulatory instilling of rBst, Tylenol, all chicken; products, companies, and/or establishments continuing regulatory use of growth hormone instillation, Crystal Light, Equal, Weight Watchers, Country Crock , WalMart, Starburst, Albertsons, Kroger, Kool-Aid, Blue Ribbon, Coppertone, Banana Boat, Listerine, Sonic, all fish products and/or restaurants companies and/or establishments serving foods containing high levels of Mercury and/or puffer fish (a potentially fatal meal), Frito Lay, Pizza Hut, Kraft, Sweet Baby Ray's, Jimmy Dean, Sonic, Smucker's, Ritz, Arby's, Hostess, Valveeta, (ramen) Maruchan, Marie Calenders, and Freshly as well as all fast food restaurants as most if not all instill and/or allow MSG into their food products . . . , and/or businesses, and/or establishments, companies, and/or enterprises, of any kind, whether being affiliated with the food/beverage industry instilling food and/or products, and/or beverages, and/or chemicals and/or make up products, and/or medicines. . . [sic]

*(Id.* at 6, 9-10, and 21-22 (spelling and punctuation in original).)

Within the litany of private defendants, the plaintiff also includes agencies of the United States, including "the United States department of health . . . , The United States Environmental Protection Agency, the [Centers for Disease Control], [and] the Occupational Health and Safety [sic]." (*Id*. at 6-7, 9, 37-46.)

Before proceeding to consider the merits of the plaintiff's claims, the Court must first determine whether it has jurisdiction to hear the case. Jurisdiction is a threshold matter that the court must resolve before it address the merits of a case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). The Court has a responsibility to ensure that it has jurisdiction over any claims asserted. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019). The Court may dismiss a complaint on its own initiative if "the pleadings sufficiently evince a basis for that action." *Anaheim Gardens v. United States*, 444 F.3d 1309, 1315 (Fed. Cir. 2006).

The plaintiff is proceeding *pro se*. As a result, his pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving a *pro se* litigant's pleadings a liberal interpretation and construction does not divest the *pro se* plaintiff of the responsibility of having to demonstrate that he has satisfied the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In construing a *pro se* litigant's pleadings liberally, the court does not become

an advocate for that litigant. Rather, the court ensures that the *pro se* litigant's pleadings are construed in a manner that gives the litigant every opportunity to make out a claim for relief.

The Supreme Court has held that the Court of Federal Claims does not have jurisdiction over any defendants other than the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored beyond the jurisdiction of the [predecessor to the Court of Federal Claims]"). *United States v. Jones*, 131 U.S. 1, 9 (1889). Accordingly, to the extent the complaint seeks damages from defendants other than the United States, the Court lacks jurisdiction to consider those claims, and the complaint must be dismissed against all the defendants identified in the plaintiff's complaint, except the United States, for lack of jurisdiction.

The Court now turns to the plaintiff's claims against the United States.

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Supreme Court has interpreted the Tucker Act to waive sovereign immunity to allow jurisdiction in the Court of Federal Claims if a claim is (1) founded on an express or implied contract with the United States; (2) seeking a refund of a payment previously made to the United States; or (3) based on federal constitutional, statutory, or regulatory law mandating compensation for damages sustained, unless arising from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *see also United States v. Sherwood*, 312 U.S. at 588.

To invoke the limited jurisdiction of the Court of Federal Claims, a plaintiff must rely on a statute or regulation that is money-mandating, meaning the source of alleged liability "'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *Eastport S. S. Corp. v. United States*, 372 F.2d 1002, 1009 (Ct. Cl. 1967)).

The starting point for determining whether this Court has jurisdiction is the plaintiff's complaint. *See Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997). The Court interprets that complaint liberally.

The complaint fails to cite or identify in any way a statute or regulation that mandates the payment of money by the United States for any of the plaintiff's allegations. Instead, the plaintiff alleges that the United States is culpable for numerous crimes, including, among others, being an accomplice to first-degree murder and genocide. (Pl. Compl. at 5, 9, and 21.) The Court of Federal Claims, however, "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *accord Harris v. United States*, 868 F.3d 1376, 1389 (Fed. Cir. 2017); *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001). Accordingly, this Court lacks subject-matter jurisdiction over any of the plaintiff's claims against the United States alleging violations of criminal law.

The plaintiff further alleges that the United States committed "false advertisement, inciting suicide, air pollution, public endangerment and/or willfully poisoning America!" (Pl. Compl. at 5, 9, and 21.) The plaintiff's non-criminal allegations, both individually and collectively, sound in tort; they do not arise under a contract and do not constitute takings. Claims for damages against the United States arising from alleged torts are specifically excluded from the jurisdiction of the Court of Federal Claims by the Tucker Act. 28 U.S.C. § 1491(a)(1) (Court of Federal Claims has jurisdiction over claims "not sounding in tort"). *See Keene Corp. v. United States,* 508 U.S. 200, 214 (1993) ("[T]ort cases are outside the jurisdiction of the Court of Federal Claims"). Accordingly, the Court must dismiss the tort claims of the plaintiff's complaint for lack of subject-matter jurisdiction.

Beyond the plaintiff's claims against the United States for criminal acts and torts, the complaint contains no allegations based on a contract or a money-mandating statute or regulation.

Because no possible construction of the plaintiff's complaint permits the Court to exercise jurisdiction over the claims raised by the plaintiff, that complaint must be **DISMISSED** without prejudice pursuant to RCFC 12(b)(1) and RCFC 12(h)(3).

The Clerk of Court is **DIRECTED** to enter judgment accordingly. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**